Anna Y. Park, California Bar Number 164242
Michael Farrell, California Bar Number 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**FILED**
DISTRICT COURT OF GUAM
SEP 30 2011
JEANNE G. QUINATA
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Mariano Prime LLC d/b/a MD Wholesale, and DOES 1-10, Inclusive, Defendants. | CIVIL Case No.: 11-00029<br><br>**COMPLAINT—TITLE VII**<br>• CIVIL RIGHTS<br>• EMPLOYMENT DISCRIMINATION<br>• SEXUAL HARASSMENT<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") brings this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Cristina Santos and a class of similarly

-1-

ORIGINAL

situated female employees. As alleged with greater particularity in Paragraph 10 below, the EEOC alleges that Mariano Prime LLC d/b/a MD Wholesale ("MD Wholesale") discriminated against Ms. Santos and a class of similarly situated female employees on the basis of their sex (female) in violation of Title VII when it subjected them to unwelcome, sex-based harassment which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices herein alleged were committed within the jurisdiction of the United States District Court of Guam.

## PARTIES

4. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant MD Wholesale has been continuously doing business within Guam and has continuously had at least 15 employees.

6. At all relevant times, Defendant MD Wholesale has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants were in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the filing of this lawsuit, Ms. Santos filed charges with the EEOC alleging that Defendants violated Title VII. The EEOC investigated and issued a Letter of Determination finding reasonable cause to believe that MD Wholesale discriminated against Ms. Santos and a class of similarly situated employees on the basis of their sex (female) in violation of

Title VII when it subjected them to sex-based harassment creating a hostile work environment based on their sex (female). Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been met.

10. Since at least July 2008, Defendants engaged in unlawful employment practices at their Guam facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), when they subjected Ms. Santos and similarly situated female employees to unwelcome sexual conduct by a management official which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

   a. The sexual harassment includes, but is not limited to, sexual advances, vulgar and offensive sexual remarks and uninvited touching of a sexual nature.

   b. The sexual harassment was unwelcome. Ms. Santos and other similarly situated female employees were offended by the management official's sexually vulgar and egregious conduct.

   c. The sexual harassment was sufficiently severe and pervasive to create a hostile work environment. The harassment was pervasive as it occurred several times per work week and it was severe as it included highly offensive touching of a sexual nature and vulgar sexual remarks.

   d. Defendants are liable for the hostile work environment created by their management official. Ms. Santos took reasonable steps to stop the sexual harassment including making complaints to Defendants' managers. However, Defendants failed to take reasonable steps to

prevent and correct the harassment, but instead permitted the harassment to continue in their workplace.

11. The unlawful employment practices described in Paragraph 10 deprived Ms. Santos and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

12. The unlawful employment practices described in Paragraph 10 were intentional.

13. The unlawful employment practices described in Paragraph 10 were done with malice or with reckless indifference to the federally protected rights of Ms. Santos and similarly situated individuals.

14. As a direct and proximate result of the unlawful employment practices described in Paragraph 10, Ms. Santos and similarly situated individuals have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practices, which discriminate on the basis of sex;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendants to make whole Ms. Santos and similarly situated individuals by providing the appropriate compensation for past and future

pecuniary losses, and/or other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

D.　Order Defendants to make whole Ms. Santos and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 10 above, including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.　Order Defendants to pay Ms. Santos and similarly situated individuals punitive damages for its malicious and/or reckless conduct as described in Paragraph 10 above, in amounts to be determined at trial;

F.　Grant such further relief as the Court deems necessary and proper in the public interest; and

G.　Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507

Date: September 23, 2011                BY: _____
                                        ANNA Y. PARK
                                        Regional Attorney

                                        MICHAEL FARRELL
                                        Supervisory Trial Attorney


                                        U.S. Equal Employment Opportunity
                                        Commission
                                        Los Angeles District Office