Anna Y. Park, California Bar Number 164242
Michael Farrell, California Bar Number 266553
Carol Igoe, California Bar Number 267673
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
Attorneys for Plaintiff
U.S. Equal Employment Opportunity Commission

Jon A. Visosky, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Tel.: (671) 646-1222
Fax: (671) 646-1223
visosky@guamlawoffice.com
Attorneys for Defendant
Mariano Prime LLC dba MD Wholesale

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, | ) ) ) Case No.: CV11-00029 |
| Plaintiff, | ) ) ) |
| v. | ) **CONSENT DECREE AND** ) **ORDER** |
| Mariano Prime LLC d/b/a MD Wholesale, and DOES 1-10, Inclusive, | ) ) ) |
| Defendant. | ) ) Hon. Frances Tydingco-Gatewood ) |

-1-

# I. INTRODUCTION

Plaintiff the U.S. Equal Employment Opportunity Commission and Defendant Mariano Prime LLC d/b/a MD Wholesale hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the EEOC's complaint in U.S. Equal Employment Opportunity Commission v. Mariano Prime LLC d/b/a MD Wholesale, 11-CV-00029 (the "Action").

The EEOC brought this Action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In this Action, the EEOC alleged that Defendant discriminated against Charging Party Christina Santos and a class of other female employees by subjecting them to sexual harassment.

# II. PURPOSES AND SCOPE

A. This Decree is entered into by Plaintiff the EEOC and Defendant Mariano Prime LLC d/b/a MD Wholesale (collectively, the "Parties").

B. The Parties have entered into this Decree in order to:

    1. provide appropriate monetary and injunctive relief;

    2. ensure Defendant's employment practices comply with Title VII;

    3. ensure that Defendant's managers, supervisors, and employees receive training on their obligations under Title VII;

    4. ensure a work environment free from sexual harassment and retaliation;

    5. provide an appropriate and effective mechanism for handling discrimination complaints in the workplace; and

    6. avoid the time, expense, and uncertainty of further litigation.

C. Any provision intended to bind Defendant also binds Defendant's owners, officers, directors, agents, successors, and assigns.

D. The injunctive relief in this Decree will be implemented by Defendant company-wide.

## III. RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations raised in the complaint filed by the EEOC in this Action.

B. Nothing in this Decree precludes the EEOC from moving to enforce this Decree if Defendant fails to perform the promises contained herein.

C. Nothing in this Decree limits Defendant's obligation to comply with Title VII or any other federal law.

D. This Decree does not affect the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant.

## IV. JURISDICTION AND FINDINGS

A. The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the injunctive relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII.

D. This Decree does not derogate the rights or privileges of any person.

E. The Court retains jurisdiction over this Action during the duration of the Decree and may enter any order, judgment, or decree necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION

The agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("Effective Date") and remain effective for three years thereafter.

## VI. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B. This Decree may be amended by mutual agreement.

-3-

C. No waiver or amendment of any provision of this Decree will be effective unless in writing and signed by an authorized representative of each Party.

D. If one or more of the provisions of this Decree is rendered unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in effect.

## VII. COMPLIANCE AND RESOLUTION

A. If the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may file a motion before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant of the nature of the dispute.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

C. Unless the EEOC believes that delay will cause irreparable harm, Defendant will have thirty days to attempt to resolve the putative breach. If those thirty days pass without resolution, the EEOC may petition this Court for all available relief, including an extension of the term of the Decree and costs incurred in securing compliance with the Decree.

## VIII. MONETARY AND VICTIM-SPECIFIC RELIEF

A. Defendant will pay a total of $77,500, to be distributed, at the sole discretion of the EEOC, between Christina Santos and Jackie Delfin. The EEOC will notify Defendant of each identified Claimant's portion and amount of monetary relief. Defendant will send a check, via certified mail, by May 18, 2012, to each Claimant in the amount specified by the EEOC.

B. The EEOC has designated the monies to be paid to the Claimants as non-wage compensation under Title VII and no tax withholding will be made. The EEOC will advise the Claimants that although the settlement is non-wage compensation, the claimants may nonetheless bear a tax liability with respect to the settlement.

-4-

C.      Within three (3) business days of the issuance of each settlement check,

Defendant will provide a copy of each check and related correspondence to Anna Y. Park,

Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street,

4th Floor, Los Angeles, CA 90012.

D.      Other Victim Specific Relief.  Within ten days of the Effective Date, Defendant
will:

1.      remove all negative documents from each Claimant's personnel file in

regards to this Action;

2.      remove any references to this Action from each Claimant's personnel file;

3.      provide positive references for Jackie Lou Delfin;

4.      provide neutral references for Christina Santos, confirming dates of

employment, salary, and position; and

5.      ensure that no Claimant suffers retaliation.

## IX.     GENERAL INJUNCTIVE RELIEF

A.      Discrimination Because of Sex.  Defendant, its owners, directors, officers, agents,

management (including all supervisory employees), successors, assigns, and all those in active

concert or participation with or any of them, hereby agree not to:

1.      discriminate against or harass persons on the basis of sex;

2.      engage in or be a party to any action, policy, or practice that discriminates
against any employee because of sex;

3.      engage in or tolerate sexual harassment; or

4.      create, facilitate, or permit a hostile work environment.

B.      Retaliation.  Defendant, its directors, officers, agents, management (including all

supervisory employees), successors, assigns, and all those in active concert or participation with

any of them, hereby agree not to engage in, implement, or permit any action, policy, or practice

-5-

that retaliates against any current or former employee or applicant because he or she has in the past, or during the term of this Decree:

    1.    opposed any practice that he or she believed to be sexual harassment, discrimination, or retaliation;

    2.    filed a charge with the EEOC;

    3.    testified or participated in any manner in any investigation or proceeding related to this case or any claim of a Title VII violation;

    4.    was identified as a possible witness or claimant in this Action;

    5.    asserted any rights under this Decree; or

    6.    sought and/or received any relief in accordance with this Decree.

## X.    SPECIFIC INJUNCTIVE RELIEF

A.    <u>Sexual Harassment Policy</u>

    1.    Defendant has reviewed and revised its policy and procedures on sexual harassment ("Revised Policy") as described below.

    2.    Defendant has submitted to the EEOC a copy of the Revised Policy.

    3.    Defendant will distribute a copy of the Revised Policy to all employees within sixty days of the Effective Date, and to all new employees upon hire.

    4.    The Revised Policy includes:

    (a)    a clear explanation of prohibited conduct, including examples;

    (b)    assurance that Defendant will hold all employees, including management, supervisory, and human resource employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

    (c)    assurance that Defendant will hold all management, supervisory, and human resource employees accountable for failing to take

-6-

appropriate action to address sexual harassment, discrimination, or retaliation;

(d) a revised internal complaint procedure stating that:

    (i) an employee who believes that he or she has suffered sexual harassment may file an internal complaint, an external complaint to any appropriate person or agency, or both;

    (ii) employees may initiate a complaint verbally or in writing to any appropriate person, and no special form is required;

    (iii) Defendant will not tolerate retaliation against any employee for complaining or assisting in a complaint; and that

    (iv) Defendant will take appropriate discipline, up to and including discharge, for any violation of the Revised Policy;

(e) The revised complaint procedure also ensures that Defendant will:

    (i) maintain the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

    (ii) promptly commence a thorough investigation that will be conducted by a person trained to conduct such investigations who is not connected with the complaint;

    (iii) interview all relevant witnesses, including the complainant, and review all relevant documents;

    (iv) communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken;

(v) track investigations and maintain written records of all investigatory steps, findings, conclusions, and any remedial actions taken; and

(vi) confidentially follows-up with every complainant three, six, and twelve months after resolution of the complaint to inquire whether the complainant believes that he or she has been retaliated against.

(f) The revised complaint procedure does NOT require that the complainant confront his or her harasser.

B. <u>Training</u>

1. All employees, regardless of position, will be required to attend an annual training program of at least two hours regarding sexual harassment, discrimination, and retaliation. The first training will occur within sixty days after the Effective Date. This training will thereafter repeat annually, within each twelve-month period for the term of this Decree.

2. Every management, supervisory, and human resource employee will be required to attend an annual Management Training of at least two hours duration for the term of this Decree. The first Management Training will occur within sixty days after the Effective Date. This training will thereafter repeat annually, within each twelve-month period for the term of this Decree.

3. All trainings under this Decree will include review of EEO Law; employees' rights and responsibilities under Title VII and this decree; and Defendant's revised policies and procedures for reporting and handling complaints of sexual harassment, discrimination, and retaliation.

4. All Management Training will include training on how to properly handle and investigate complaints of sexual harassment, discrimination, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against sexual harassment,

discrimination, and retaliation; and how to recognize and stop sexual harassment, discrimination, and retaliation.

     5.     Within thirty days of the date of hire, for the remainder of the term of this Decree, every new employee, regardless of position, will receive the appropriate training described above.

     6.     All employees will verify in writing his or her attendance at each training.

     7.     Defendant has submitted to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

     8.     Defendant will give the EEOC a minimum of twenty business days advance written notice of the date, time, and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC.

### C.    Postings

Within ten business days after the Effective Date and throughout the term of this Decree, Defendant will post the notice (attached as "Exhibit A") of the terms of this Decree and the Revised Policy in clearly visible locations frequented by its employees. The postings will remain posted for the duration of this Decree. In the alternative, Defendant can disseminate the notice to each employee within sixty days of the Effective Date and on an annual basis for the term of the Decree.

### D.    Performance Evaluations for EEO Compliance

For the upcoming review cycle, Defendant will revise their performance evaluation forms for managers, supervisors, and human resource employees to include a measure for performance on compliance with Defendant's Revised Policy.

### E.    Equal Employment Opportunity Coordinator

Within thirty days after the Effective Date, Jesusa Sriboon will be retained as Defendant's Equal Employment Opportunity Coordinator ("Coordinator"). For the term of the Decree, the Coordinator's responsibilities will include:

1.     ensuring that all employees, including management, supervisory, and human resource employees, are trained on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of sexual harassment, discrimination, and retaliation;

2.     ensuring that all employees, including management, supervisory, and human resource employees, are trained on Defendant's Revised Policy;

3.     monitoring any investigation of any complaint of sexual harassment, discrimination, or retaliation to ensure compliance with Title VII and this Decree;

4.     ensuring that Defendant properly communicates with complainants as required by this Decree;

5.     ensuring that Defendant creates a centralized system of tracking sexual harassment, discrimination, or retaliation complaints, as required by this Decree;

6.     ensuring that Defendant's performance and discipline policies hold employees and managers accountable for failing to take appropriate action regarding complaints of sexual harassment, discrimination, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

7.     preparing a semi-annual report on Defendant's compliance with Title VII and this Decree; and

8.     ensuring that Defendant accurately compiles and timely submits all reports by required this Decree.

## XI.     RECORD-KEEPING

The Coordinator will establish a record-keeping procedure that provides for the centralized tracking of sexual harassment, discrimination, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained will include all documents and forms that:

-10-

A.    are generated in connection with any complaint, including documents relating to any investigation or resolution, and the names of all witnesses identified by the complainant or Defendant;

B.    acknowledge employees' receipt of Defendant's Revised Policy;

C.    verify the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.    are generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory;

E.    are generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against; and

F.    are generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resource employees.

Defendant will make the aforementioned records available to the EEOC within ten business days following a written request by the EEOC.

## XII.    REPORTING

In addition to the notice and reporting requirements above, Defendant will also provide the following reports semi-annually throughout the term of this Decree:

1.    complete employee list, including start date and job title;

2.    complete attendance lists for all required training sessions; and

3.    a description of any sexual harassment, discrimination, or retaliation complaints made, investigated, or resolved in the previous six-months, including the names of the complainants and alleged perpetrators; the nature of the complaint; the dates of the alleged sexual harassment, discrimination, or retaliation; a brief summary of how each complaint was resolved; and the identity of each employee who investigated or resolved each complaint.

## XIII. COSTS & FEES

A. Each Party will bear its own costs of suit and attorneys' fees.

B. Defendant will bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIV. MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant will provide any potential successor-in-interest with a copy of this Decree within thirty days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and will simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant and their successors will ensure that each of their owners, directors, officers, managers, supervisors, and human resource employees is aware of any term(s) of this Decree which may be related to his/her job duties.

C. All notices, reports, and correspondence required under this Decree will be delivered to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D. The parties agree to entry of this Decree and order, subject to final approval by the Court.

## XV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature will have the same force and effect of an original signature or copy thereof.

All parties, through their undersigned counsel, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

-12-

Respectfully Submitted,

Date: 5/18/12

By: 
Anna Y. Park
Michael J. Farrell
Carol Igoe
Attorneys for Plaintiff EEOC

**May 16, 2012**                            /s/ **Jon A. Visosky**

Date: _____          By: _____

Jon A. Visosky
DOOLEY ROBERTS & FOWLER LLP
Attorneys for Defendant
Mariano Prime LLC dba MD Wholesale

-13-

## ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing Consent Decree are

hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

 **/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: May 25, 2012**

Date: _____     _____
                                  Hon. Frances Tydingco-Gatewood
                                  United States District Court Judge

-14-

# Exhibit A



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Hawaii Local Office

## NOTICE OF CONSENT DECREE

TO:        ALL EMPLOYEES OF MD Wholesale

The U.S. Equal Employment Opportunity Commission the a government agency that enforces federal anti-discrimination laws in the workplace. The U.S. Equal Employment Opportunity Commission is referred to as the EEOC for short.

In September 2011, the EEOC filed a lawsuit in the United States District Court against MD Wholesale. In the lawsuit, the EEOC alleged that those allegations. Then, the EEOC and MD Wholesale reached a settlement agreement, and recorded the terms of that settlement in a Consent Decree. This notice is being provided pursuant to the Consent Decree.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.

MD Wholesale is committed to complying with federal anti-discrimination laws in all respects. It will not tolerate sexual harassment or discrimination, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation against MD Wholesale.

MD Wholesale will thoroughly investigate all complaints of harassment, discrimination, or retaliation. If MD Wholesale finds an employee has engaged in harassment, discrimination, or retaliation, that employee will be subject to discipline up to termination.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, or retaliated against, you may follow MD Wholesale's internal procedure and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
300 Ala Moana Blvd., Rm 7-127
Honolulu, HI   96850
1-800-669-4000